**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Francisco Javier SANCHEZ–LUNA,
Defendant—Appellee.**

**No. 02–50557.
D.C. No. CR–02–00218–FMC.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2003.*

Decided Aug. 7, 2003.

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM**

The district court departed downward five levels when it imposed sentence on Francisco Javier Sanchez–Luna. The basis for the departure was Sanchez–Luna's cultural assimilation into the United States. The government appeals the departure. Because the facts of Sanchez–Luna's assimilation are insufficiently extraordinary to take his case outside the heartland of the sentencing guidelines, the district court abused its discretion when it granted the downward departure based on cultural assimilation.[1]

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The government argues that the recently-enacted Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (the "PROTECT Act"), Pub.L. No. 108–21, 117 Stat, 650 (Apr. 30, 2003), requires that we review the district court's downward departure not for an abuse of discretion, *see Koon v. United States,* 518 U.S. 81, 98–100, 116 S.Ct. 2035, 135 L.Ed.2d

"[C]ultural assimilation is a permissible ground for departure under the Sentencing Guidelines" *United States v. Lipman*, 133 F.3d 726, 728 (9th Cir.1998) (internal quotation marks omitted), but it was not an appropriate ground for departure based on the facts of this case. Sanchez–Luna was convicted of illegal reentry following a prior deportation, an offense which necessarily takes into account his previous presence in this country. A typical illegal reentry defendant will have spent a good amount of time in the United States and, upon deportation, will leave behind significant relationships. Sanchez–Luna has pointed to no unusual ties that justify a downward departure in his case.

Sanchez–Luna lived and worked in Mexico for four years between reentries. While he was there, he fathered two children who reside in Mexico with their mother. Although Sanchez Luna's other child and his father and siblings reside in America, and although he spent much of his life and received his schooling here, his circumstances are insufficiently unusual to justify a downward departure.

**REVERSED and REMANDED.**

---

392 (1996), but *de novo.* *See* 18 U.S.C. § 3742(e) (2003). Because we conclude that the district court erred under the abuse of discretion standard, we need not decide whether the PROTECT Act applies to this appeal.

